AMERICAN LOCOMOTIVE SANDER CO. v. ECONOMY LOCOMOTIVE
SANDER CO.

(Circuit Court, D. Delaware. May 30, 1907.)

No. 252.

PATENTS—INFRINGEMENT.

Claims 1 and 2 of United States letters patent No. 433,686, granted
to Henry L. Leach, Jr., assignor, etc., for track-sanding apparatus for
locomotives, sustained, and *held* to have been infringed.

(Syllabus by the Court.)

In Equity.

Francis T. Chambers, for complainant.

Hector T. Fenton, for defendant.

BRADFORD, District Judge. The American Locomotive Sander
Company by its bill of complaint charges the Economy Locomotive
Sander Company with infringement of letters patent of the United
States No. 433,686, and prays for an injunction and an account of
profits and damages. The answer sets up the usual defenses. The
patent is dated August 5, 1890, and was granted to Henry L. Leach,
Jr., assignor of one-half to Henry L. Leach, Sr. The complainant
is the sole owner of the patent, having acquired title prior to the com-
mencement of this suit. The patent is for track-sanding apparatus
for locomotives and contains four claims. The charge of infringement
has been restricted to the first two, which are as follows:

"1. In track-sanding apparatus, the combination of a trap and a blast-noz-
zle introduced into the trap, substantially as and for the purpose set forth.

"2. In track-sanding apparatus, a trap into which a blast-nozzle is intro-
duced, the trap having a removable part opposite the blast, substantially as
and for the purpose set forth."

Leach in the description of the patent says:

"The main novelty of my invention consists, however, in the introduction of
the blast into the trap. By this I am able to feed the sand to the sand-de-
livery pipe in small and even quantities—in as small quantities as desired
and with regularity—thus making a material saving in the quantity of sand
used and a consequent saving of power, rails, and wheels, as will be readily
understood by all skilled in the art. In the apparatus now in use there is
no adequate provision for preventing the escape of an unnecessarily large
quantity of sand and consequent blocking of the wheels, waste of power, and
wear and tear of tires and rails. * * * I am, so far as I know, the first
to introduce a blast-nozzle into a trap and drive the sand thence to the de-
livery-pipe."

That the device in question possesses patentable utility is, on the
evidence, beyond doubt. On the assumption that it also possesses
patentable novelty, I am clearly of opinion that the defendant is liable
for infringement. The alleged infringing apparatus is in three forms
known as the New Baltimore sander, the Maryland sander, and the
Economy sander. The combination contained in each of these devices
infringes both the first and second claims of the patent in suit. In
figure 2 of the exhibit drawing of the New Baltimore sander the trap
a is combined with a blast-nozzle a$^8$, introduced into the trap, and in

the same figure a trap a, into which a blast-nozzle $a^8$ is introduced, has a removable part $a^6$, opposite the blast. In the exhibit drawing of the Maryland sander the trap a is combined with the blast-nozzle $a^8$, introduced into the trap, and in the same drawing a trap a, into which a blast-nozzle $a^8$ is introduced, has a removable part $a^6$, opposite the blast. In the exhibit drawing of the Economy sander the trap a is combined with a blast-nozzle $a^8$, introduced into the trap, and in the same drawing a trap a, into which a blast-nozzle $a^8$ is introduced, has a removable part $a^6$. Not only is the purpose to be accomplished by the combinations of the alleged infringing devices the same as that of the combinations of the first two claims of the patent in suit, but the mode of operation is the same; the sand being carried from the trap into and through the delivery-pipe, not by suction or an induced current of air, but by a direct blast from the nozzle and passing through the delivery-pipe in flying form.

On the question of patentable novelty, after careful examination of all the evidence and the briefs of counsel, it is clear to me that the case is with the complainant. Leach was the first to introduce a blast-nozzle into a trap and drive the sand thence through the delivery-pipe. The track-sanding apparatus patented to James Gresham in England and in the United States did not anticipate the invention of the patent in suit. No blast-nozzle was introduced into the trap. It was below the trap, and the blast proceeding from it induced a current of air or steam through the trap which operated upon the sand. This is illustrated by figures 2 and 8 of the English patent No. 6,072, by figure 2 of the United States patent No. 381,837, and by figure 2 of the United States patent No. 409,578, all granted to Gresham. It is true that in all these figures the blast from the blast-nozzle $b^2$, after inducing a current of air through the trap situated above it, operates directly upon the sand which by suction is brought down from the trap and in front of the nozzle, and thereby drives it out of the delivery-pipe $b^1$. But the blast-nozzle is in no sense introduced into any trap. When the blast-nozzle is not performing its function no sand can escape from the trap, and, therefore, the parts of the mechanism about the blast-nozzle cannot serve as a trap. If the blast be suddenly checked while the apparatus is in operation, all the sand which could pass down in front of the blast-nozzle would be such as had been licked over the edge of the trap immediately prior to the cessation of the blast, and that insignificant quantity of sand would pass through the opening $b^3$. There is no receptacle for sand around or in front of the blast-nozzle while the apparatus is at rest, nor is there any receptacle for the holding of sand around or in front of the blast-nozzle while the apparatus is in operation. No one of the Gresham devices discloses the combination either of the first or second claim of the patent in suit. Reference was made by the counsel for the defendant to sundry other patents and devices as showing the prior art, and it was contended that the state of the art was such as to negative invention on the part of Leach. I am unable to adopt this view. The prior art certainly did not disclose by way of anticipation his invention and, in view of its utility and the fact that no one conceived the idea before him, I am not prepared to hold that what he accomplished was

so obvious as to exclude invention on his part. I deem it unnecessary further to allude to the evidence or to deal with the refinements of the experts. I am satisfied that the complainant is entitled to what it seeks.

Let a decree accordingly be prepared and submitted.